Argued and submitted November 25, 1992, affirmed January 19, petition for review denied May 24, 1994 (319 Or 149)

Frank KING,
dba King Feed Lot,
Zenith Insurance and
Continental Loss Adjusting Services,
*Petitioners,*

*v.*

DEPARTMENT OF INSURANCE AND FINANCE,
*Respondent.*

(WCB 90-18834; CA A72815)

867 P2d 511

Darren L. Otto argued the cause for petitioners. On the brief were Bradley R. Scheminske and Scheminske & Lyons.

David L. Runner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, Deits, Judge, and Durham, Judge pro tempore.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Employer seeks review of an order of the Director of the Department of Insurance and Finance (DIF)[1] that denied attorney fees to employer under ORS 656.740(5). We affirm the denial of attorney fees.

DIF issued a proposed order of noncompliance after an investigation[2] disclosed that no guaranty contract for workers' compensation insurance coverage had been filed. Employer requested a hearing and asserted that Zenith Insurance Company (Zenith) had provided coverage during the relevant period. At the hearing, Zenith conceded that it had provided coverage during the disputed period and agreed to issue a guaranty contract to that effect. The hearing was postponed. After the guaranty contract was issued by Zenith, DIF rescinded its proposed order of noncompliance and requested that the hearing be dismissed. Employer and Zenith requested that the referee set aside DIF's proposed order and award attorney fees to employer. The referee held that the proposed noncompliance order had been correct at the time that it was issued and affirmed the proposed order, "as since rescinded." The referee denied attorney fees under ORS 656.740(5).

■  The only issue on review is whether the referee erred in denying employer attorney fees.[3] Employer argues that, because the proposed order of noncompliance was rescinded as a direct result of its attorney's efforts, it is entitled to attorney fees under ORS 656.740(5), which provides that

"[i]f a person against whom an order is issued pursuant to this section prevails at hearing or on appeal, the person is

---

[1] The order of the referee of the Workers' Compensation Board is deemed to be the final order of the director of DIF. ORS 656.740(4)(a).

[2] The investigation was prompted by an injury claim that is not part of this petition for review.

[3] On review, employer also assigns as error the referee's determination that the proposed noncompliance order was correct. Employer makes this separate assignment because the referee's order purports to affirm the rescinded proposed order that held employer to be a noncomplying employer. The separate assignment is unnecessary. The referee did not have authority to reinstate the rescinded order. The only issue left to review is whether the referee erred in denying attorney fees. Consequently, we only address employer's argument regarding the correctness of the proposed order to the extent that it is pertinent to the determination of attorney fees.

entitled to reasonable attorney fees to be paid by the director from the Insurance and Finance Fund."

The issue is whether employer prevailed at the hearing. We have not had the occasion to construe ORS 656.740(5). In determining the legislative intent regarding the award of attorney fees, we first consider the text and context of the statute. *State ex rel Kirsch v. Curnutt*, 317 Or 92, 96, 853 P2d 1312 (1993).

■ ORS 656.740(5) requires that the party seeking attorney fees be a "person against whom an order is issued pursuant to this section." ORS 656.740(1) describes such an order as "a proposed order of the director declaring that person to be a noncomplying employer." That subsection also provides that the proposed order is "prima facie correct" and "the burden is upon the employer to prove that the order is incorrect." Reading the language of ORS 656.740(1) in conjunction with the language in ORS 656.740(5), the meaning of "prevails" is clear: An employer seeking attorney fees under ORS 656.740(5) prevails if it establishes, at hearing or on appeal, that the proposed order of noncompliance was incorrect.[4]

The proposed order held that employer was noncomplying because it did not meet the requirements of ORS 656.017 as either a carrier-insured employer or a self-insured employer. ORS 656.005(18) defines a noncomplying employer as "a subject employer who has failed to comply with ORS 656.017." Employer did not claim to qualify as a self-insured employer. ORS 656.407 explains how an employer "maintain[s] assurance" with DIF that it qualifies as a "carrier-insured" employer:

"(1)  An employer shall establish proof with the director that the employer is qualified * * *:

"(a)  As a carrier-insured employer by causing a guaranty contract issued by a guaranty contract insurer to be filed with the director * * *."

Under the statutory scheme, an employer is required to cause a guaranty contract to be filed with DIF to meet the

---

[4] Because the text and context of ORS 656.740(5) are determinative of legislative intent, we need not consider legislative history or other aids of statutory construction. *State ex rel Kirsch v. Curnutt, supra.*

requirements of ORS 656.017(1). An employer that does not cause a guaranty contract to be filed has not complied with ORS 656.017 and therefore is a noncomplying employer under ORS 656.005(18).

It is undisputed that, at the time the proposed order was issued, employer had not caused a guaranty contract to be filed with DIF. As a result, employer was a noncomplying employer under ORS 656.005(18), and the proposed order was correct until the guaranty was filed with DIF. Once the guaranty was filed, employer became a complying employer and DIF rescinded its proposed order. DIF did not rescind the proposed order because it was incorrectly issued, but because employer finally complied with the law. Because employer did not establish that the proposed order was incorrect, the referee did not err in denying attorney fees under ORS 656.740(5).

Affirmed.